Roscoe **SMITH**, Petitioner/Appellee,

v.

The **CONFEDERATED TRIBES OF the WARM SPRINGS RESERVATION OF OREGON,** Respondent/Appellant.

No. 84–4245.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1986.

Decided March 4, 1986.

purposes here in this litigation you are to consider that the application was valid in all respects."

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for petitioner-appellee.

Howard G. Annette, Bend, Or., for respondent-appellant.

Before SKOPIL, NELSON, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

This appeal concerns the comity that federal courts must accord to Indian Tribal Court procedures under the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301 *et seq.* (1982). As a result of a prior appeal, the matter was remanded in an unpublished memorandum disposition to the Tribal Appeals Court with instructions to commence further proceedings within sixty days, and to complete those proceedings expeditiously. As further explained in this opinion, when the matter was again appealed to the district court, that court held that the mandate was violated, and granted Smith's petition for writ of habeas corpus. Applying principles of comity to the Tribal Court procedures, we must reverse.

### Facts

Roscoe Smith, an Indian resident of the Warm Springs Reservation, was charged with the theft of a calf on December 17, 1979, under the Tribal Law and Order Code. His subsequent conviction was affirmed in the Warm Springs Tribal Appeals Court, and he sought a writ of habeas corpus in the United States District Court pursuant to 25 U.S.C. § 1303. After its initial decision, an appeal to this court, and a subsequent remand with instructions, the district court issued an order finding that the Tribal theft statute required proof of an intent to steal (an element that the Tribal Courts had not addressed in convicting Smith). The district court remanded to the Tribal Appeals Court for further proceedings.

Smith again appealed the district court's decision, which this court modified and affirmed in an unpublished order. The mandate issued by this court provided in part:

The order of the district court is construed as granting the petition for habeas corpus unless further proceedings are conducted by the Tribal Appeals Court and expeditiously completed. The district court's order is modified to require that such further proceedings in the Tribal Appellate Court be commenced on or before sixty (60) days from the date that the mandate is issued.

*Smith v. The Confederated Tribes,* 722 F.2d 747 (9th Cir.1983) (issued Dec. 9, 1983).

In late January, 1984, the Tribal prosecutor formally brought this matter before the Tribal Appeals Court to reopen its June 5, 1980 decision affirming Smith's conviction. By order dated February 2, 1984, the Tribal Appeals Court granted the prosecutor's motion and ordered reconsideration of the case pursuant to this court's December 9, 1983 mandate. This order was entered fifty-five days after issuance of the mandate.

The Tribal Appeals Court convened on May 1, 1984 to consider the options which this court's mandate had provided. By order dated May 14, 1984, the Tribal Appeals Court vacated its June 5, 1980 decision and remanded the matter back to the Tribal trial judge for written clarification on the issue of the element of intent. The judge issued a written determination on July 13, 1984 holding that the intent element had been proven beyond a reasonable doubt.

The Tribal Appeals Court then scheduled a hearing for August 31, 1984 to consider the trial judge's determination, to hear any oral and written arguments that Smith would wish to make, and to take final action on the case. The Tribal Appeals Court sent Smith written notice of the August 31 hearing by certified mail as provided by Tribal law. A panel of the Tribal Appeals Court convened on August 31, but Smith failed to appear. The panel determined that Smith might not have received actual notice of the hearing, and rescheduled the hearing for September 10, 1984, with an order to serve Smith personally with notice.

On August 27, 1984, Smith filed a motion seeking a judgment granting habeas corpus relief in the district court. On September 4, he was served with a summons to the Tribal Appeals Court's September 10 hearing. The next day, Smith filed a motion in the district court asking that the Tribal Appeals Court's September hearing be stayed pending his habeas corpus determination.

On September 6, a telephone conference was held before the district court, at which the Confederated Tribes and Smith were represented by their attorneys. The district court was made fully aware of the chronology of the proceedings as described above. The district court issued a stay of the Tribal Court's September hearing.

On September 10, 1984, the district court issued an Opinion and Order granting Smith's petition for writ of habeas corpus, reversing his conviction, and dismissing the charge. At issue in this appeal is whether the Tribal Court proceedings were commenced within sixty days and whether they were being completed expeditiously when the district court issued its stay.

## I. Did the Proceedings Commence Within 60 Days?

### Standard of Review

Whether the Tribal Court's proceedings were commenced within sixty days is a mixed question of law and fact. A trial court's determination of historical events is usually reviewed under a clearly erroneous standard. *United States v. McConney,* 728 F.2d 1195, 1202–04 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Where the application of law to fact requires the consideration of legal principles that does not involve an "essentially factual" inquiry (here, the facts are undisputed), this court reviews a mixed question of law and fact de novo. *Id.* Although "commencement" does involve a factual inquiry into whether something occurred within a specific time period (i.e., the proceedings either did or did not

commence within sixty days), the determination is not merely a question of fact. We are concerned predominantly with the legal significance of the happening of the events within the time period mandated by this court in its prior order. We are not reviewing a trial court's findings whether or when historical events occurred, but rather whether those events satisfied the legal standard. Thus, we review this question de novo.

### Discussion

In granting Smith's petition for writ of habeas corpus, the district court held that

[v]irtually no action was taken by the Tribal Court of Appeals within the time period specified by the Ninth Circuit's order. The proceedings undertaken by the Tribal court have not been carried out in a manner fairly consistent with that order. Nor has the action which has been expeditiously completed. [sic]

\*      \*      \*      \*      \*      \*

By February 2, 1984, the latter end of the sixty day period, the only action taken by the Tribal Court was to acknowledge that it would reconsider the case as per the circuit court's order.

\*      \*      \*      \*      \*      \*

I fail to see how action commenced more than three months after the sixty day deadline [referring to the Tribal Appeals Court's May 14 remand to the Tribal trial judge] is in fair compliance with the appellate court's requirement as expressed in its order.

It appears that the district court held that the February 2 order did not commence the proceeding, and that the proceeding was not actually commenced until May 14. This is the essence of Smith's argument. Smith asserts that no such order for reconsideration is required by the Tribal Appeals Court's rules.

The Confederated Tribes argue that a necessary first step in commencing the proceeding before the Tribal Appeals Court was to bring the matter before that court and obtain a ruling that it would reconsider its earlier decision in light of this court's mandate.

The term "commence" is ambiguous in the context of this case. *Black's Law Dictionary* 243 (5th ed. 1979) defines "commence" as "[t]o initiate by performing the first act. To institute or start." During the telephone conference, the district court said, "It doesn't look like ... you got started at the earliest until February 2nd." There can be no dispute that within the sixty day limit, the Tribal prosecutor had started *something* (performed the first act) by filing a motion for the Tribal Appeals Court to reconsider its decision, and that the court issued an order agreeing to reconsider its decision. The only question is whether this action was sufficient to "commence further proceedings" within the meaning of this court's mandate.

The procedures that the Tribal Courts choose to adopt are not necessarily the same procedures that the federal courts follow. "Most tribes operate their own court systems and, except to the extent demanded by the Indian Civil Rights Act, the structure and procedure of such courts may be determined by the tribes themselves." F. Cohen, *Handbook of Federal Indian Law* 251 (1982 ed.) (footnote omitted). Federal courts must avoid undue or intrusive interference in reviewing Tribal Court procedures. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 67, 98 S.Ct. 1670, 1681, 56 L.Ed.2d 106 (1978). Comity towards the Tribal Courts requires that deference be given to the procedures which those courts choose to follow. Requiring a party to present a motion to reopen and the entry of an order thereon is one permissible method of beginning a proceeding upon remand. Accordingly, we should defer to the Tribal Court's use of such a method of commencing the proceedings. We hold that the Confederated Tribes commenced further proceedings within sixty days.

### II. Were the Proceedings Expeditiously Completed?

#### Standard of Review

Whether the proceedings were being completed expeditiously is a mixed question

of law and fact in which factual issues appear to predominate. *See McConney,* 728 F.2d at 1201–04. We need not decide whether the district court's ruling should be reviewed under the clearly erroneous standard or de novo, however, for we hold that under either standard the court erred in finding that the proceedings were not being completed expeditiously.

### Discussion

 The district court appeared to rest its decision granting the writ of habeas corpus primarily on the Confederated Tribes' failure to commence proceedings within sixty days. The district court held further, however, that the action was not completed expeditiously.

Both parties agree that the proceedings were not expeditiously completed because the district court stayed all Tribal Court proceedings on September 6, 1984. The Confederated Tribes argue that but for Smith's failure to attend the Tribal Appeals Court's August 31st hearing, the proceedings would have been completed. They assert that their certified letter giving Smith notice of that hearing lay unclaimed at the Warm Springs Post Office notwithstanding three notices to Smith from the postmaster that the letter was there. The Confederated Tribes further argue that but for the district court's stay of proceedings, the proceedings would have been completed in September, 1984.

Expeditious completion requires reasonable speed and efficiency. Judicial proceedings frequently involve numerous separate phases. For expeditious completion each step should be commenced and completed without undue delay. Again we observe that the procedures adopted by the Tribal Courts are not, and need not be, the same as those procedures followed by the federal courts. Here many steps were taken to complete the proceedings. The Tribal Appeals Court convened in February, and again from May 1 through 14. The matter was remanded to the Tribal judge in Oklahoma and that judge rendered an opinion in July. The Tribal Appeals Court scheduled an August hearing. The court convened, but Smith failed to appear. The court rescheduled the hearing to September for Smith's benefit. The reason that the proceedings were not completed as scheduled was the district court's stay.

Giving consideration to comity requirements that federal courts minimize their interference in the Tribal Court's procedures, we conclude that the district court was in error to hold that the Confederated Tribes were not proceeding expeditiously. The district court's grant of Smith's petition for writ of habeas corpus is reversed with orders to remand to the Tribal Appeals Court to complete the originally scheduled hearing expeditiously. When the Tribal Appeals Court conducts its hearing, Smith is to be given a full opportunity to be present, to be represented by counsel, and to make his arguments, including his due process arguments, if any.

REVERSED and REMANDED.